UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff(s),<br><br>v.<br><br>THE VININGS HOMEOWNERS ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-1804 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Red Rock Financial Services' ("RRFS") motion to dismiss. (ECF No. 8). Plaintiff Bank of New York Mellon ("BNYM") filed a response (ECF No. 15), to which RRFS replied (ECF No. 16).

Also before the court is defendant SFR Investments Pool 1, LLC's ("SFR") motion to dismiss. (ECF No. 17). Plaintiff filed a response (ECF No. 21), to which SFR replied (ECF No. 23).

**I.     Introduction**

This action involves the parties' interests in real property located at 7409 Fountain Crest Avenue, Las Vegas, Nevada, 89113 ("the property"). (ECF No. 1).

*a. Plaintiff's interest in the property*

On May 9, 2006, Mike Zenteno and Gloria Figueroa ("the borrowers") obtained title to the property. *Id.* The borrowers obtained a loan from Countrywide Home Loans, Inc. ("Countrywide") for $294,000 to finance ownership of the property. *Id.* The borrowers executed a promissory note in favor of Countrywide, as well as a deed of trust to secure repayment of the

**James C. Mahan**
**U.S. District Judge**

loan. *Id.* The deed of trust was recorded on May 12, 2006. *Id.* The deed of trust was assigned to plaintiff via a corporate assignment of deed of trust. *Id.*

  *b. Defendants' interest in the property*

  On May 11, 2012, RRFS, acting on behalf of defendant the Vinings Homeowners Association ("the HOA") recorded a notice of delinquent assessment lien, stating an amount due of $926.68. *Id.* On July 2, 2012, RRFS, on behalf of the HOA, recorded a notice of default and election to sell, stating an amount due of $1,941.61. *Id.* On April 4, 2013, RRFS, on behalf of the HOA, recorded a notice of foreclosure sale, stating an amount due of $4,000.31. *Id.*

  On July 15, 2013, the HOA foreclosed against the property. *Id.* Alex Berezovsky purchased the property at the foreclosure sale for $7,100. *Id.* A foreclosure deed was recorded on July 25, 2013. *Id.*

  On May 30, 2014, Berezovsky conveyed title to the property to the Aber Trust and then to Noesis, both via quitclaim deed recorded on May 30, 2014. *Id.* On September 17, 2014, SFR obtained title to the property via quitclaim deed. *Id.*

  *c. Plaintiff's complaint*

  Plaintiff challenges the legal effect of the July 15, 2013, HOA foreclosure sale and seeks to preserve its pre-sale interest in the property. *Id.* Plaintiff alleges the following causes of action: (1) quiet title/declaratory relief against all defendants; (2) breach of NRS 116.1113 against the HOA and RRFS; (3) wrongful foreclosure against the HOA and RRFS; and (4) injunctive relief against SFR. (ECF No. 1).

**II.  Legal Standard**

  A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

In its motion, RRFS argues that plaintiff's causes of action for breach of NRS 116.1113 and wrongful foreclosure are time-barred. (ECF No. 8). RRFS also argues that that plaintiff's cause of action for quiet title fails to state a claim against RRFS because RRFS does not claim an

interest in the property. *Id.* Plaintiff responds that its causes of action for NRS 116.1113 and wrongful foreclosure are not time-barred. (ECF No. 15). Plaintiff asserts that RRFS is a necessary party to this litigation and that its complaint states claims upon which relief can be granted. *Id.*

SFR's motion to dismiss focuses on the statute of limitation concerns raised in RRFS' motion, and additionally argues that plaintiff's quiet title cause of action is time-barred. (ECF No. 17). Plaintiff responds that SFR mischaracterizes its cause of action for quiet title and SFR applies the incorrect statutory subsection when analyzing the relevant limitations period. (ECF No. 21).

> a. *Statute of limitations*
>
> 1. *Quiet title*

Claim (1) of plaintiff's complaint alleges quiet title against all defendants. Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Under NRS 40.010, an "action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. Further, NRS 11.070 sets forth a five-year limitations period for quiet title claims. Nev. Rev. Stat. § 11.070. The foreclosure sale took place on July 15, 2013. Plaintiff brought this lawsuit less than five years later, on June 30, 2017. Accordingly, plaintiff's quiet title claim is not barred by the applicable statute of limitations.

. . .

. . .

James C. Mahan
U.S. District Judge

- 4 -

*2. Breach of NRS 116.1113*

Claim (2) of BNYM's complaint alleges that the HOA and RRFS violated NRS 116.1113, which imposes an obligation of good faith in every contract or duty governed by Chapter 116. (ECF No. 1). For relief, BNYM seeks damages in the amount of either the property's fair market value or the unpaid principal on the loan as of the date of the HOA sale. *Id.*

Because claim (2) is a claim for damages based on the alleged breach of a statutory duty, it must be brought within three years. *See* Nev. Rev. Stat. § 11.190(3)(a). The foreclosure sale took place on July 15, 2013. BNYM brought this lawsuit more than three years later, on June 30, 2017. Therefore, claim (2) is time-barred, and RRFS and SFR's motions to dismiss will be granted as to this claim.

*3. Wrongful foreclosure*

Claim (3) of plaintiff's complaint alleges that the foreclosure sale was wrongful because the HOA failed to give proper notice and an opportunity to cure the deficiency and the HOA sold the property for a grossly inadequate amount. (ECF No. 1). Plaintiff seeks damages in the amount of the property's fair market value or the unpaid principal loan balance as of the time of the foreclosure sale. (ECF No. 1).

A tortious wrongful foreclosure claim "challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). RRFS' authority to foreclose on the HOA lien on behalf of the HOA arose from Chapter 116, essentially rendering claim (3) a claim for damages based on liability created by a statute. Therefore, claim (3) is time-barred under NRS 11.190(3)(a) because it was not brought within three years.

*4. Injunctive relief*

Claim (4) of plaintiff's complaint will be dismissed without prejudice as the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause

of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

    *b. Whether BNYM states a claim upon which relief can be granted against RRFS*

Defendant RRFS asserts that BNYM's cause of action for quiet title fails to state a claim upon which relief can be granted against RRFS. (ECF No. 8).

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Section 116.3116(1) of the Nevada Revised Statutes[1] gives an HOA a lien on its homeowners' residences for unpaid assessments and fines; moreover, NRS 116.3116(2) gives priority to that HOA lien over all other liens and encumbrances with limited exceptions—such as "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

The statute then carves out a partial exception to subparagraph (2)(b)'s exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investments Pool 1 v. U.S. Bank, N.A.*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

---

[1] The 2015 Legislature revised Chapter 116 substantially. 2015 Nev. Stat., ch. 266. Except where otherwise indicated, the references in this order to statutes codified in NRS Chapter 116 are to the version of the statutes in effect in 2011–13, when the events giving rise to this litigation occurred.

**James C. Mahan**
**U.S. District Judge**

- 6 -

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien by nonjudicial foreclosure sale. *Id.* at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

NRS 116.3116 codifies the Uniform Common Interest Ownership Act ("UCIOA") in Nevada. *See* Nev. Rev. Stat. § 116.001 ("This chapter may be cited as the Uniform Common-Interest Ownership Act"); *see also SFR Investments*, 334 P.3d at 410. Numerous courts have interpreted the UCIOA and NRS 116.3116 as imposing a commercial reasonableness standard on foreclosure of association liens.[2]

BNYM's complaint states a claim upon which relief can be granted. BNYM's complaint alleges that the sale was commercially unreasonable, and lists multiple alleged deficiencies in the sale proceedings. (ECF No. 1). BNYM alleges that defendants failed to provide plaintiff with sufficient notice of the foreclosure proceedings and of the lien amount. *Id.* Further, BNYM alleges that it tendered payment sufficient to satisfy the superpriority portion of the lien to the HOA prior to the foreclosure sale, and the HOA's wrongful rejection of that tender voids the foreclosure sale. *Id.* BNYM's complaint plausibly alleges a claim for quiet title that survives RRFS' motion to dismiss. *See Iqbal*, 556 U.S. at 678.

RRFS also asserts that it does not maintain a current interest in the property, and as such plaintiff's claim for quiet title fails to state a claim upon which relief can be granted. (ECF No.

---

[2] *See, e.g.*, *Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, 962 F. Supp. 2d 1222, 1229 (D. Nev. 2013) ("[T]he sale for $10,000 of a Property that was worth $176,000 in 2004, and which was probably worth somewhat more than half as much when sold at the foreclosure sale, raises serious doubts as to commercial reasonableness."); *SFR Investments*, 334 P.3d at 418 n.6 (noting bank's argument that purchase at association foreclosure sale was not commercially reasonable); *Thunder Props., Inc. v. Wood*, No. 3:14-cv-00068-RCJ-WGC, 2014 WL 6608836, at *2 (D. Nev. Nov. 19, 2014) (concluding that purchase price of "less than 2% of the amounts of the deed of trust" established commercial unreasonableness "almost conclusively"); *Rainbow Bend Homeowners Ass'n v. Wilder*, No. 3:13-cv-00007-RCJ-VPC, 2014 WL 132439, at *2 (D. Nev. Jan. 10, 2014) (deciding case on other grounds but noting that "the purchase of a residential property free and clear of all encumbrances for the price of delinquent HOA dues would raise grave doubts as to the commercial reasonableness of the sale under Nevada law"); *Will v. Mill Condo. Owners' Ass'n*, 848 A.2d 336, 340 (Vt. 2004) (discussing commercial reasonableness standard and concluding that "the UCIOA does provide for this additional layer of protection").

8).  Dismissal of RRFS at this juncture would be premature, as the court has not determined the validity or effect of the foreclosure sale.

RRFS argues that plaintiff's complaint should be dismissed because RRFS "agrees with Plaintiff that Plaintiff's deed of trust should survive foreclosure because [RRFS] never intended to foreclose on the super-priority portion of the HOA lien." (ECF No. 8).  RRFS thus concludes that there is no justiciable controversy between RRFS and plaintiff.  However, RRFS' position is not the position of defendant SFR.  *See* (ECF No. 17 at 6).  RRFS' motion does not adequately demonstrate that its theory of the case provides for dismissal of BNYM's claim for quiet title against RRFS.

### IV.    Conclusion

The court will dismiss plaintiff's second and third causes of action for failure to comply with the applicable statute of limitations.  The court will dismiss plaintiff's fourth cause of action for failure to state a claim upon which relief can be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that RRFS' motion to dismiss (ECF No. 8) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that SFR's motion to dismiss (ECF No. 17) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

DATED May 8, 2018.

                                                                       /s/ James C. Mahan
                                                                       UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -