UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, | Case No. 2:17-CV-1804 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| THE VININGS HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff/counterdefendant Bank of New York Mellon's ("plaintiff") motion for summary judgment. (ECF No. 43). Defendant/counterclaimant SFR Investments Pool 1, LLC ("SFR") filed a response (ECF No. 48), to which plaintiff replied (ECF No. 49). Plaintiff also filed a notice of supplemental authority. (ECF No. 56).

Also before the court is SFR's motion for summary judgment. (ECF No. 44). Plaintiff filed a response (ECF No. 47), to which SFR replied (ECF No. 51).

**I.    Facts**

This case involves a dispute over real property located at 7409 Fountain Crest, Las Vegas, Nevada ("the property"). (ECF No. 43).

In May 2006, Mike Zenteno and Gloria A. Figueroa ("borrowers") purchased the property. *Id.* The borrowers financed their ownership of the property by way of a loan in the amount of $294,000.00 evidenced by a note and secured by a deed of trust recorded on May 12, 2006. (ECF No. 43-1). Plaintiff obtained its interest in the deed of trust via an assignment recorded with the Clark County recorder's office on September 30, 2011. *Id.*

On May 11, 2012, the HOA recorded a notice of delinquent assessment lien for the borrowers' failure to pay the HOA's monthly assessments. (ECF No. 43-2). Thereafter, on July 2, 2012, the HOA recorded a notice of default and election to sell. *Id.*

In an attempt to exercise its right of redemption, on July 31, 2012, Bank of America, N.A. ("BANA"), as servicer of the loan at that time, requested a ledger from the HOA identifying the superpriority amount of the lien. *Id.* On August 13, 2012, the HOA provided a payoff ledger of the borrower's delinquent payment history, including all fees and costs. *Id.* However, the ledger did not identify the superpriority portion of the lien. *Id.* The ledger also did not indicate that there were any outstanding fees for maintenance and nuisance abatement. *Id.* The ledger did state, however, that the HOA's monthly assessments against the property were $70.00. *Id.*

Based on the monthly assessment amount identified in the HOA's ledger, BANA calculated the sum of nine months of common assessments and what it considered to be "reasonable collection costs" and sent a check for that amount ($1,271.00) to the HOA on August 30, 2012. *Id.* Along with the check, BANA sent the HOA a letter explaining that the check was the sum of nine months of common assessment and was intended to "satisfy [plaintiff's] obligations to the HOA." *Id.* The HOA refused BANA's tender. *Id.*

Instead, on April 4, 2013, the HOA recorded a notice of trustee's sale. *Id.* On July 15, 2013, the HOA sold the property in a nonjudicial foreclosure sale. *Id.* Non-party Alex Berezovsky purchased the property at the foreclosure sale, and on July 15, 2013, the HOA recorded the deed of trustee's sale. *Id.*

Berezovsky quitclaimed his interest to Alex Berezovky, as trustee of Aber Trust ("the trust") on May 30, 2014. *Id.* Thereafter, the trust quitclaimed its interest to Noesis Estate Management, LLC, ("Noesis") on May 30, 2014. *Id.* Finally, Noesis quitclaimed its interest to SFR on September 17, 2014. *Id.*

**II. Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a

judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

James C. Mahan
U.S. District Judge

- 3 -

versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion**

Plaintiff initiated this action on June 30, 2017, asserting four causes of action: (1) quiet title/declaratory judgment; (2) breach of NRS 116.1113; (3) wrongful foreclosure; and (4) "injunctive relief." (ECF No. 1). On May 5, 2018, the court entered an order granting in part and denying in part defendant Red Rock Financial Services' ("Red Rock") and SFR's motions to dismiss, thereby dismissing plaintiff's second, third, and fourth claims. (ECF No. 34).

Thereafter, SFR filed its answer and counterclaims/crossclaims against plaintiff and borrowers, asserting claims for (1) quiet title, and (2) "preliminary and permanent injunction." (ECF No. 35). The court now considers the parties' cross-motions for summary judgment.

*a. Plaintiff's motion for summary judgment*

Plaintiff argues in its motion for summary judgment that it is entitled to judgment on its quiet title claim because, among other things, it properly tendered the superpriority portion of the HOA's lien. (ECF No. 43). In light of the recent Nevada Supreme Court case, *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, the court agrees.

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other HOA fees or assessments." *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

In *Bank of America*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *Bank of America*, 427 P.3d at 121. Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." *Id*. at 118.

The Nevada Supreme Court's holding in *Bank of America* controls the court's analysis in this case. As in *Bank of America*, the HOA has not indicated that the property had any charges for maintenance or nuisance abatement. *See Bank of America*, 427 P.3d at 118. Thus, when BOA (plaintiff's predecessor in interest) sent a check for more than nine months of assessments to the HOA, it properly tendered the superpriority portion of the lien.

Therefore, the nonjudicial foreclosure sale did not extinguish the deed of trust. *See id*. at 121 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust"). In light of the foregoing, the court finds that plaintiff is entitled to judgment as a matter of law on its quiet title claim, and therefore plaintiff's deed of trust continues to encumber the property. *See* (ECF No. 43).

. . .

. . .

James C. Mahan
U.S. District Judge

*b. SFR's motion for summary judgment*

Because the court holds that plaintiff is entitled to summary judgment on its quiet title claim, the court must necessarily deny SFR's counter-motion for summary judgment. (ECF No. 44).

**IV. Conclusion**

As a result of the foregoing, plaintiff has demonstrated that its deed of trust continues to encumber the property, and that SFR has taken title subject to its deed of trust. No other relief is granted, and all other claims are dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for summary judgment (ECF No. 43) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that SFR's motion for summary judgment (ECF No. 44) be, and the same hereby is, DENIED.

The clerk of court is instructed to enter judgment accordingly and close the case.

DATED February 21, 2019.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE